UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIC SAYLES,

    Plaintiff,

    v.                                              CAUSE NO. 3:20-CV-124-JD-MGG

LaPORTE COUNTY SHERIFF

    Defendants.

OPINION AND ORDER

Eric Sayles is a prisoner in the LaPorte County Jail. Without a lawyer, he filed a complaint containing two unrelated groups of claims. He alleges he is being denied medical treatment for being H.I.V. Positive. He also alleges he was punished without due process. "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). When a prisoner files a case containing unrelated claims, it is the usual practice of this court to allow the inmate to choose which related claims to keep and which he wants dismiss or bring in separate lawsuits. Here however, the allegation that he is being denied medical attention is time sensitive. Therefore the court will keep that claim and the ones related to it. The unrelated claim will be dismissed without prejudice. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the [unrelatedness] problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21."). If Sayles wants to pursue this dismissed claim, he will need to file a separate lawsuit.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Sayles alleges he is H.I.V. Positive. He alleges he told officials at the jail he needs medication. He alleges he has been refused access to his prescribed medication. It is unclear whether Sayles is a pre-trial detainee or a convicted prisoner. It is clear that either way, jail officials have a duty to provide constitutionally adequate medical care. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Sayles seeks both monetary damages and injunctive relief from three defendants. However, none of them are proper defendants in this case. The LaPorte County Jail is a building – it is not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Deputy G. Heinz is not alleged to have been involved with denying Sayles medical treatment. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Quality Care NLED is a corporate entity. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir.

2012) (*Monell* framework applies to private company providing medical care at correctional facility). But, a corporation "cannot be held liable under § 1983 on a respondeat superior theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather, corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id*. Here, Sayles has not alleged he is being denied medical treatment based on a policy or custom.

Nevertheless, the LaPorte County Sheriff in an official capacity has both the authority and the responsibility to ensure that Sayles receives constitutionally adequate medical treatment. *Cf. Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Because Sayles has plausibly alleged he is being denied constitutionally adequate medical treatment, he may proceed on a claim for permanent injunctive relief against the LaPorte County Sheriff in an official capacity.

For these reasons, the court:

(1) DIRECTS the clerk to add the Sheriff of LaPorte County in an official capacity as a defendant;

(2) GRANTS Eric Sayles leave to proceed against the Sheriff of LaPorte County in an official capacity for permanent injunctive relief to obtain constitutionally adequate medical treatment;

(3) DISMISSES all other claims;

(4) DISMISSES LaPorte County Jail, Quality Care NLED, and G. Heinz;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) the LaPorte County Sheriff, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the LaPorte County Sheriff to file and serve by **February 27, 2020**, a report (with supporting medical documentation as necessary) describing the H.I.V. status of Eric Sayles and the medical treatment he is being provided for this condition; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the LaPorte County Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 7, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT